# IN UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

**VIRGINIA CLAYTON**                                                     **PLAINTIFF**

vs.                              Civil No. 4:19-cv-04026

**ANDREW SAUL**[1],                                          **DEFENDANT**
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Virginia Clayton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") benefits under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her application on March 10, 2016. (Tr. 66)[2]. In her application, Plaintiff alleged being disabled due to: fibromyalgia, chronic migraines, cluster headaches, depression, stomach/IBS, hypothyroidism, dermatitis, TMJ, extreme dry eye with

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 9, These references are to the page number of the transcript itself not the ECF page number.

floaters, chronic sinus problems, acid reflux, vertigo, and an accessory bone in her right foot with an alleged onset date of June 2, 2014. (Tr. 66, 284). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 66). Plaintiff requested an administrative hearing and that administrative hearing was held on October 30, 2017. (Tr. 115-135). At this hearing, Plaintiff was present and represented by counsel, Gregory Giles. (*Id*.). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id*.).

Following the administrative hearing, on September 5, 2018, the ALJ entered an unfavorable decision. (Tr. 62-70). The ALJ found Plaintiff had last met the insured status requirements of the Act through March 31, 2018. (Tr. 68, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of June 2, 2014, through her date last insured. (Tr. 68, Finding 2). The ALJ determined Plaintiff had the severe impairments of: fibromyalgia; plantar fasciitis of the right foot, lumbar spine degenerative disc disease; and migraines. (Tr. 68-70, Finding 3). Despite being severe, the ALJ determined that, prior to the established onset date, those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 70, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 70-74). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 71). The ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except can occasionally climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl.
> (Tr. 70).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined that, through her date last insured, Plaintiff could perform her PRW as a high school teacher as actually and generally performed. (Tr. 74-76, Finding 6). The ALJ found that, alternatively, there were jobs in the significant numbers in the national economy that Plaintiff could perform. *Id.*. With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of price tutor with approximately 244,960 jobs in the nation, or school instruction with approximately 7,130 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from June 2, 2014, the alleged onset date, through March 31, 2018, the date last insured. (Tr. 76, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 239-41). On January 29, 2019, the Appeals Council declined to review the ALJ's disability determination. (Tr. 7-10). On March 4, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2.** **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

3

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings three points on appeal: (1) whether the administrative law judge ("ALJ") properly evaluated Plaintiff's subjective allegations of her symptoms and their limiting effects; (2) whether substantial evidence supports the ALJ's residual functional capacity assessment ("RFC"); and (3) whether the ALJ's failed to include a proper hypothetical to the vocational expert ("VE"). ECF No. 11.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

4

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE